UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-cv-62537-WPD

SALOME LOPEZ VICENTE,

Petitioner,

v.

CYNTHIA LAWSON-SWAIN,
Facility Administrator, Broward Transitional Center, *et al.*,

Respondents.
_______________________________/

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court on Petitioner Salome Lopez Vicente ("Petitioner")'s Petition for Writ of Habeas Corpus [DE 1], filed September 11, 2026. The Court has considered the Petition, Respondents' Response [DE 12], Petitioner's Reply [DE 14], and is otherwise fully advised in the premises.

Although initially unclear at which stage Petitioner's removal proceedings were, Respondents have verified that Petitioner is subject to a final order of removal and his detention is thus governed by 8 U.S.C. § 1231. *See* [DE 12-5]; *see also* [DE 12-1] ¶ 11.

Section 1231(a) of the INA applies to aliens who are subject to a final order of removal. *See* 8 U.S.C. § 1231(a). When an alien is ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days[,]" which is known as the "removal period." *Id*. Once the order of removal is finalized, the Government should do its best to execute removal during the ninety-day period. *See Zadvydas v. Davis,* 533 U.S. 678, 699–701 (2001). When the Government does not timely remove the petitioner, the indefinite detention of an individual "raises serious constitutional concerns." *Sosa v. Warden, Baker Corr. Inst*., No.

26-cv-51, 2026 WL 592434, at *2 (M.D. Fla. Mar. 3, 2026). "The Supreme Court in *Zadvydas* held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation." *Id.*

To obtain relief from a post-removal order of detention under the *Zadvydas* framework, a petitioner must: "(1) show that he's been detained for more than six months; and (2) establish that there's no significant likelihood of removal in the foreseeable future." *Flores-Reyes v. Assistant Field Off. Dir.*, No. 26-cv-20226, 2026 WL 406708, at *2 (S.D. Fla. Feb. 13, 2026) (citing *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("[T]o state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."))

Here, Petitioner is subject to a final order of removal, finalized in 2002, so this challenge is governed by *Zadvydas*. Petitioner has been in ICE detention since November 20, 2025. [DE 1] ¶ 24. While this period of detention exceeds the 180-day period considered presumptively reasonable under *Zadvydas*, *see Farah v. U.S. Att'y Gen.*, 12 F.4th 1312, 1333 (11th Cir. 2021), *overruled on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 419-23 & n.2 (2023), Petitioner must still show that there is no reasonable likelihood that he will not be removed in the reasonably foreseeable future. Here, the Government has demonstrated intent to remove Petitioner on a flight to Guatemala next week. [DE 12-1] ¶ 26. Given that Petitioner has already been transferred to Louisiana in preparation for deportation, [DE 12] at 5, his removal is reasonably foreseeable.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for a Writ of Habeas Corpus [DE 1] is **DENIED**.

2. The Temporary Restraining Order entered against Respondents on September 22, 2026, [DE 11], is **VACATED**.
3. The Clerk shall **CLOSE** this case and **DENY AS MOOT** any pending motions.
4. The Court retains jurisdiction if Petitioner is not removed in the reasonably foreseeable future.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of September, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record
Email: usafls-immigration@usdoj.gov
Email: usafls-2255@usdoj.gov